TODD A. FREALY (SBN 198780)
taf@lnbyb.com
ANTHONY A. FRIEDMAN (SBN 201955)
aaf@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:    (310) 229-1234
Facsimile:    (310) 229-1244

Attorneys for Plaintiff, Arturo M. Cisneros, Chapter 7 Trustee

FILED & ENTERED

MAY 22 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**BEATRICE A. DIAZ,**<br><br>　　　　**Debtor.** | **Case No. 6:17-bk-15809-MH**<br><br>**Chapter 7** |
| **ARTURO M. CISNEROS, Chapter 7 Trustee,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**JOSE L. DIAZ,**<br><br>　　　　**Defendant.** | **Adv. No. 6:17-ap-01287-MH**<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT UNDER LOCAL BANKRUPTCY RULE 7055-1**<br><br>**Date:** May 9, 2018<br>**Time:** 2:00 p.m.<br>**Place:** Courtroom 303<br>　　　　U.S. Bankruptcy Court<br>　　　　3420 Twelfth Street<br>　　　　Riverside, CA 92501 |

　　　　On May 9, 2018 at 2:00 p.m., before the Honorable Mark D. Houle, United States Bankruptcy Judge, in Courtroom 303 of the United States Bankruptcy Court, located at 3420 Twelfth Street, Riverside, California 92501, the Court conducted the hearing on the Motion for

Default Judgment Under Local Bankruptcy Rule 7055-1 (the "Motion") [Adversary Docket No. 12], filed by Arturo M. Cisneros, the Chapter 7 trustee and plaintiff herein (the "Trustee"). Anthony A. Friedman of Levene, Neale, Bender, Yoo & Brill L.L.P. appeared on behalf of the Trustee.  All other appearances are as set forth in the record of the Court.

The Court, having read and considered the Motion [Adversary Docket No. 12], the Notice of Motion [Adversary Docket No. 14], the Request for Judicial Notice in Support of the Motion [Adversary Docket No. 13]; having received no response to the Motion; the Court having issued its findings of fact and conclusions of law as set forth in the tentative ruling issued in connection with the Motion (a copy of which is attached as Exhibit "A"); the record being supplemented by counsel for the Trustee at the hearing, and good cause appearing,

**IT IS HEREBY ORDERED that:**

1. The Motion is granted as to the first and second claims for relief in the Trustee's complaint.

2. In connection with the Trustee lodging this Order, the Trustee shall file a notice of dismissal as to the third claim for relief in the Trustee's complaint.

3. The Trustee shall lodge a Default Judgment consistent with this Order.

**IT IS SO ORDERED.**

# # #

Date: May 22, 2018

Mark Houle
United States Bankruptcy Judge

2

# EXHIBIT A

# United States Bankruptcy Court
## Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, May 9, 2018**  **Hearing Room**  **303**

2:00 PM
**6:17-15809**  **Beatrice A Diaz**  **Chapter 7**
Adv#: 6:17-01287    Cisneros v. Diaz

#18.00    Motion for Default Judgment Under LBR 7055-1

Also #19

EH ___

Docket    12

**Tentative Ruling:**

**5/9/18**

#### BACKGROUND

On July 12, 2017, Beatrice Diaz ("Debtor") filed a Chapter 7 voluntary petition. On December 20, 2017, Trustee filed a complaint for: (1) declaratory relief; (2) turnover of property and (3) sale of    interest of co-owner in property of the estate against Jose Diaz ("Defendant"), the non-filing spouse of Debtor. On January 24, 2018, the clerk entered default against Defendant. On April 17, 2018, Trustee filed a motion for default judgment.

According to Trustee, in 1994, Debtor and Defendant obtained title to certain real property located at 619 Calle Cuesta, Watsonville, CA 95076 (the "Property") as husband and wife as joint tenants. Trustee requests an order (1) determining that the Property is community, (2) ordering Defendant to turn over the property; and (3) allowing Trustee to sell the property free and clear of Defendant's interest.

#### DISCUSSION

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, May 9, 2018**                                                                 **Hearing Room    303**

<u>2:00 PM</u>
**CONT...    Beatrice A Diaz**                                                              **Chapter 7**

### A.    <u>Entry of Default</u>

FED. R. CIV. P. Rule 55 states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Local Rule 7055-1 provides further requirements relating to a motion for entry of default judgment, and those requirements have been substantially satisfied here.

### B.    <u>Motion for Default Judgment</u>

1. <u>Proper Service of Summons and Complaint</u>

FED. R. BANKR. P. Rule 7004(b)(1) states, in part:

> [S]ervice may be made within the United States by first class mail postage prepaid as follows:
>
> > (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

Here, it is not clear that service was proper. Trustee has only served Defendant at the Property, yet Debtor's Schedule H lists Defendant's address as 21 Del Brienza, Lake Elsinor, CA 92532, which is also the primary residence of Debtor. Trustee's declaration does not provide any indication as to why Debtor was not served at the

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
**Courtroom 303 Calendar**

Wednesday, May 9, 2018     **Hearing Room**    **303**

2:00 PM
**CONT...**     **Beatrice A Diaz**     **Chapter 7**
address identified in the schedules.

    2. Merits of Plaintiff's claim

Upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *see also Almog v. Golden Summit Investors Group, Ltd.*, 2012 WL 12867972 at *4 (C.D. Cal. 2012) ("When reviewing a motion for default judgment, the Court must accept the well-pleaded allegations of the complaint relating to liability as true.").

Here, the complaint includes three causes of action: (1) declaratory relief; (2) turnover; and (3) authorization to sell the Property free and clear of Defendant's interests.

Regarding the first cause of action, declaratory relief, under California law there is a presumption that property acquired during marriage is community property. *See, e.g, In re Valli*, 58 Cal. 4th 1396, 1400 (Cal. 2014) ("Property that a spouse acquired during the marriage is community property unless it is (1) traceable to a separate property source, (2) acquired by gift or bequest, or (3) earned or accumulated while the spouses are living separate and apart.") (citations omitted) (collecting cases). Trustee has presented the an authenticated copy of the grant deed which specifies that Debtor and Defendant acquired the property as husband and wife, and there is no evidence to rebut the community property presumption. Therefore, Trustee has met his burden on the first cause of action.

Regarding the second cause of action, turnover of property, 11 U.S.C. § 541(a)(2) states:

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, May 9, 2018**            **Hearing Room**    **303**

---

<u>2:00 PM</u>
**CONT...**     **Beatrice A Diaz**                            **Chapter 7**

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
>> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is –
>>
>>> (A) under the sole, equal, or joint management and control of the debtor; or
>>>
>>> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse to the extent that such interest is so liable.

In California, community property interests are liable for claims against both spouses. *See, e.g.,* CAL. CODE CIV. P. § 695.020. Therefore, the Property is property of the estate subject to turnover under § 542.

Regarding the third cause of action, 11 U.S.C. § 363(h) states:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if ---
>
>> (1) partition in kind of such property among the estate and such co-owner is impracticable;
>>
>> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>>
>> (3) the benefit to the estate of a sale of such property free of the

---

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

Wednesday, May 9, 2018                                                  Hearing Room    **303**

2:00 PM
**CONT...**     **Beatrice A Diaz**                                                  **Chapter 7**

                 interests of co-owners outweighs the detriment, if an, to such co-
                 owners; and

         (4) such property is not used in the production, transmission, or
                 distribution, for sale of electric energy or of natural or synthetic gas
                 for heat, light, or power.

Here, because the property in question is community property, § 363(h) is inapplicable. *See, e.g.*, 3 COLLIER'S ON BANKRUPTCY ¶ 363.08[3] (16th ed. 2013) ("Section 363(h) does not apply to property held as community property. Under section 541(a)(1), property of the estate includes all community property to the extent that community property is either under the control of the debtor or liable for claims against the debtor. As a result, the trustee need not satisfy the conditions in subsections 363(h)(1)-(4) to sell community property."). Therefore, this request is is denied.

         3.    Amount of Damages

Here, Trustee is not requesting any damages, and, therefore, no evidence is required establishing the amount of damages.

**TENTATIVE RULING**

Trustee to explain why it has only served Defendant at the Property instead of serving Defendant at the location identified on Schedule H. If Trustee can establish that service is proper, The Court is inclined to GRANT the motion as to the first and second causes of action, and DENY, as moot, the motion with respect to the third cause of action.

APPEARANCES REQUIRED.

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, May 9, 2018**                                                                                    **Hearing Room**    **303**

## 2:00 PM
**CONT...    Beatrice A Diaz**                                                                                                    **Chapter 7**

### Party Information

**Debtor(s):**

| | |
|---|---|
| Beatrice A Diaz | Pro Se |

**Defendant(s):**

| | |
|---|---|
| Jose L Diaz | Pro Se |

**Movant(s):**

| | |
|---|---|
| Arturo M. Cisneros | Represented By<br>Anthony A Friedman |

**Plaintiff(s):**

| | |
|---|---|
| Arturo M. Cisneros | Represented By<br>Anthony A Friedman |

**Trustee(s):**

| | |
|---|---|
| Arturo Cisneros (TR) | Represented By<br>Todd A Frealy<br>Anthony A Friedman |